**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **YA YA'S PLACE, LLC** § | |
| *Plaintiff* § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:17-CV-00540-Y** |
| § | |
| **SENTINEL INSURANCE COMPANY, LTD.** § | |
| *Defendant* § | |

**PLAINTIFF YA YA'S PLACE LLC'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **COMES NOW,** Ya Ya's Place, LLC, (hereinafter referred to as "Plaintiff"), complaining of Sentinel Insurance Company, Ltd., (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

## JURISDICTION & VENUE

1. This Honorable Court has jurisdiction and venue is proper because (1) one or more acts or omissions forming the basis for liability occurred in Wise County, Texas, (2) Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and (3) Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas, and (4) Plaintiff seeks monetary relief of over $100,000.00 exclusive of interests and costs.

2. Venue lies in the U.S. Northern District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff is a citizen of the State of Texas because it is a Texas Limited Liability Company with its principal place of business in Wise County, Texas.

4. Sentinel Insurance Company, Ltd. is a citizen of the State of Connecticut because it is incorporated under the laws of and has its principal place of business in Connecticut engaging in the business of insurance in the State of Texas.

## FACTUAL BACKGROUND

5. Plaintiff purchased a policy from Defendant Sentinel Insurance Company, Ltd., (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

6. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 1006 Halsell Street, Bridgeport, Texas 76426.

7. Defendant Sentinel Insurance Company, Ltd. and/or its agent sold the Policy insuring the Property to Plaintiff.

8. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

9. On or about November 25, 2015, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Sentinel Insurance Company, Ltd.. Plaintiff subsequently opened a claim on November 25, 2015 and Defendant Sentinel Insurance Company, Ltd. assigned an adjuster to adjust the claim.

10. Thereafter, Defendant Sentinel Insurance Company, Ltd. wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

11. After the severe hail and wind storm, Plaintiff reported the claim to Defendant. After conducting an inadequate inspection, Defendant sent correspondence to Plaintiff outlining the claim. The correspondence essentially stated that Plaintiff's property sustained zero hail damage, and that the hail damage found on the structure was "conveniently" consistent with hail damage from a prior storm outside the specified timeframe of interest." Defendant used this explanation as a basis to under-adjust Plaintiff's claim below the policy deductible. Therefore, Defendant did not issue any payment on the claim. However, this explanation fails to explain how it arrived at its conclusion of "hail damage from a prior storm outside the specified timeframe of interest." Defendant fails to provide a reasonable explanation that explains its findings or any other causal link thereof. Such conduct by Defendant violates Tex. Ins. Code §541.060(a)(3), which requires Defendant to provide Plaintiff with a reasonable explanation of the basis in policy, in relation to the facts or applicable law, for its settlement offer.

12. Further, Defendant concedes hail and/or wind damage to the "front metal panel awning," however, essentially "wear and tear" to other parts of the roof such as the modified bitumen material. Defendant was aware that Plaintiff's policy does not provide coverage for "wear and tear damage" and thus wrongfully and intentionally adjusted Plaintiff's damages to reflect such damage. This shows Defendant's intent to wrongfully overlook clear wind and hail damage for the sole purposes of escaping liability. Such conduct violates the Deceptive Trade Practices Act (DTPA), Texas Insurance Code (TIC), and the Texas Prompt Payment of Claims Act (TPPOC).

13. Frustrated by Defendant' failure to adequately assess his claim, Plaintiff was forced to bear his own costs and retain the services of a public adjuster to assess the damages to his property.

The investigation by Plaintiff's public adjuster revealed that the damage to the property was in the amount of $21.569.40. The gross disparity between Defendant' RCV of $1,927.67 and the public adjuster's RCV of $21,569.40 highlights Defendant' failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear.  Tex. Ins. Code §541.060(a)(2)(A).

14. Plaintiff's public adjuster's estimate contains several pages of photos of hail damage to the entire roof, including the modified bitumen material, front metal panel awning, roof vent, ridge cap, and other vital components of the roof.  Based on the investigation, the public adjuster concluded that the roof required complete removal and replacement.  The public adjuster's estimate also contains numerous photos of interior damage caused by a storm-created opening, resulting in severe water damage.  Defendant' estimate, on the other hand, accounted for only the roof damage and minimal interior damage.  Such conduct by Defendant further violates Tex. Ins. Code §541.060(a)(2)(A); (7) for failure to conduct a reasonable investigation and failing in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear.

15. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

16. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by

Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

17. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level **<u>SHALL</u>** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

18. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

19. Defendant's assigned adjuster acted as an authorized agent of Defendant Sentinel Insurance Company, Ltd.. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Sentinel Insurance Company, Ltd.. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

20. Defendant Sentinel Insurance Company, Ltd. failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

21. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

22. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

23. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION

## COUNT ONE: BREACH OF CONTRACT

24. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25. Defendant Sentinel Insurance Company, Ltd.'s conduct constitutes a breach of the insurance contract made between Defendant Sentinel Insurance Company, Ltd. and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Sentinel Insurance Company, Ltd. had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

26. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant Sentinel Insurance Company, Ltd. breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## COUNT TWO: VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

27. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

   A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

   B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

   C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

29. As described in this Original Petition, Defendant Sentinel Insurance Company, Ltd. represented to Plaintiff that its Policy and Sentinel Insurance Company, Ltd.'s adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

30. As described in this Original Petition, Defendant Sentinel Insurance Company, Ltd. represented to Plaintiff that its Policy and Sentinel Insurance Company, Ltd.'s adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

31. By Defendant Sentinel Insurance Company, Ltd. representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

32. Defendant Sentinel Insurance Company, Ltd. has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

33. Defendant Sentinel Insurance Company, Ltd.'s actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

34. Defendant Sentinel Insurance Company, Ltd.'s conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

35. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Sentinel Insurance Company, Ltd., to its detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

36. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

37. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## COUNT THREE: VIOLATIONS OF THE TEXAS INSURANCE CODE

38. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

39. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

    D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

    E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

    F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

    G. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J. Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L. Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

40. By its acts, omissions, failures and conduct, Defendant Sentinel Insurance Company, Ltd. has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the

insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Sentinel Insurance Company, Ltd.'s unfair or deceptive acts or practices. § 541.151(2).

41. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Sentinel Insurance Company, Ltd. and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

42. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Sentinel Insurance Company, Ltd.'s actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

43. As a result of Defendant Sentinel Insurance Company, Ltd.'s unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

### COUNT FOUR: BREACH OF THE COMMON LAW DUTY OF GOOD FAITH & FAIR DEALING

44. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

45. From and after the time Plaintiff's claim was presented to Defendant Sentinel Insurance Company, Ltd., the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

46. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

### COUNT FIVE: WAIVER & ESTOPPEL

47. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

### DAMAGES

49. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

50. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

51. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

52. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

53. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

54. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

55. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

56. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

57. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

58. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## JURY DEMAND

59. Plaintiff demands a jury trial, consisting of citizens residing in Wise County, Texas, and tenders the appropriate fee with this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant Sentinel Insurance Company, Ltd., and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the itself to be justly entitled.

Respectfully submitted,

*/s/ Chidi Oha*_____
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Chidi Oha

Case 4:17-cv-00540-Y Document 11 Filed 08/01/17 Page 16 of 16 PageID 78

State Bar No. 24094877
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Chidi@mma-pllc.com
**Attorneys for Plaintiff**

### CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2017, a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system and/or facsimile as follows:

**Buchanan Grabouski LLP**
Brittan L. Buchanan
State Bar No. 03285680
Laura Grabouski
State Bar No. 24031595
Donna Peery
State Bar No. 00791752
9600 Great Hills Trail Suite 300 West
Austin, TX 78759
Tel: 512-225-2800
Facsimile: 512-225-2801
bbuchanan@bg-firm.com
lgrabouski@bg-firm.com
dpeery@bg-firm.com
*Counsel for Defendant*

*/s/ Chidi A. Oha*
Chidi A. Oha

*Plaintiff Ya Ya's Place LLC's First Amended Complaint* Page | 16